USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-14-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
D.J. WU, et al.,

                        Plaintiffs,                               11 Civ. 7271 (PKC)

     -against-

JOHN CRUMPTON STOMBER, et al.,             MEMORANDUM AND ORDER

                        Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This action was filed on September 1, 2011 in the Supreme Court of the State of New York, New York County, and removed to this Court on October 14. (Docket # 1.) The Complaint purports to bring claims under New York and Dutch law on behalf of shareholders in the Carlyle Capital Corporation ("CCC").

        Plaintiffs move, pursuant to 28 U.S.C. § 1404, to transfer this action to the United States District Court for the District of Columbia, where three previously filed actions raise similar claims against CCC and affiliated persons and entities. See Phelps et al. v. Stomber et al., 11 Civ. 1142 (ABJ) (D.D.C.); Phelps v. Carlyle Capital Corp., 11 Civ. 1143 (ABJ) (D.D.C.); Glaubach v. Carlyle Capital Corp., 11 Civ. 1523 (ABJ) (D.D.C.) (the "District of Columbia Actions"). Judge Amy Berman Jackson, U.S.D.J., has consolidated the three cases, and issued a Memorandum Opinion appointing lead plaintiffs and lead counsel to pursue claims brought under the Securities Exchange Act of 1934. 11 Civ. 1142 (D.D.C.) (Docket # 22, 37). Defendants contend that plaintiffs' sole rationale for commencing a New York action was to make an end-run around the District of Columbia statutes of limitations, reflecting an impermissible effort to "expand their legal rights," and that the complaint should be dismissed as duplicative. Curtis v. Citibank, N.A., 226 F.3d 133, 140 (2d Cir. 2000).

DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the event that jurisdiction "may be proper in more than one forum" and an action is one of "two competing lawsuits," the Second Circuit has held that "considerations of judicial administration and conservation of resources" favor transfer to the first-filed forum. First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989); accord New York Marine & Gen'l Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010) ("The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'") (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006)).

"[T]he first-filed rule does not constitute an invariable mandate," however, and is a rebuttable presumption. Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008). "Special circumstances," such as manipulative or deceptive behavior, may weigh against transfer to the first-filed jurisdiction. New York Marine, 599 F.3d at 112-13. A "balancing of the conveniences" may also weigh against transfer. Id. at 113.

Because there is no disagreement that the actions are factually related, the plaintiffs' motion to transfer is granted. It is in the interest of judicial administration and conservation of resources for these actions to be in the same tribunal. Emp'rs Ins. of Wausau, 522 F.3d at 274-75; Rabbi Jacob Joseph Sch. v. Province of Mendoza, 342 F. Supp. 2d 124, 131 (E.D.N.Y. 2004) ("Denial of transfer would result in duplicative actions in which two federal judges would preside over the same basic claim, wasting judicial resources, requiring the parties to unnecessarily expend more time and expense, and risking potentially inconsistent results.").

        To the extent that the defendants oppose this motion, they assert that transfer should be denied as futile because this action is duplicative to the District of Columbia Actions, and amounts to an end-run around the District of Columbia statutes of limitations. Defendants do not otherwise challenge the appropriateness of transfer. (See Def. Mem. at 2 ("If . . . the Court does not see the duplicative nature of plaintiffs' claims as a reason to reject their request to transfer the case, Defendants do not otherwise oppose plaintiffs' motion to transfer without prejudice to these and other defenses.").) The defendants' contention that they have a meritorious dispositive motion does not constitute a special circumstance that defeats the first-filed rule. Such arguments should be raised in the transferee forum, which has the greatest familiarity with the previously filed actions and is better positioned to weigh whether plaintiffs' allegations are duplicative and reflective of procedural gamesmanship.

CONCLUSION

        The motion to transfer is GRANTED. (Docket # 10.) The Clerk is directed to transfer the action to the United States District Court for the District of Columbia.

        SO ORDERED.

Dated: New York, New York
       December 14, 2011

                                         P. Kevin Castel
                                      United States District Judge